UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| ANTONIO TAVARIS BROWN,     ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.     ) | Case No. CV411-273 |
| ) | |
| EASTERN JUDICIAL CIRCUIT     ) | |
| OF SAVANNAH, GEORGIA,     ) | |
| OFFICE OF THE PUBLIC     ) | |
| DEFENDER, OFFICE OF     ) | |
| DISTRICT ATTORNEY,     ) | |
| ) | |
| Defendants.     ) | |

### REPORT AND RECOMMENDATION

Currently being prosecuted for fleeing to elude a police officer, leaving the scene of an accident, and various traffic offenses (see attached state-court docket sheet), Antonio Tavaris Brown has filed this 42 U.S.C. § 1983 case against a public defender's office, his prosecutor's office, and the state court in which he is being prosecuted. Doc. 1.

Since he has completed his *in forma pauperis* ("IFP") paperwork, docs. 4 & 5, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a district court to *sua sponte* dismiss an IFP plaintiff's complaint for failure to state a claim before service of

process, and 28 U.S.C. § 1915A, requiring courts to identify "cognizable claims" filed by prisoners or other detainees and dismiss claims that are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief.[1]

Brown alleges that after his warrantless arrest he was entitled to a prompt probable cause hearing but that a public defender waived that right for him without his consent. Doc. 1 at 5-6; *see also* doc. 4 at 4 ("The waiver of my preliminary hearing without my consent, is the cause of the said relief damages"). The attached docket sheet shows that Nathan Apkolo is now Brown's lawyer, though it does not say as of what date. Neither does Brown. He claims public defender lawyer Todd H.

---

[1] The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 2011 WL 4436591 at * 3 n. 1 (11th Cir. Sep. 26, 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, 129 S. Ct. at 1949 (citations omitted); *cf. Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

Martin waived his hearing rights "because he believed that the state had probable cause." Doc. 1 at 5.

It is well established that individuals subjected to a warrantless arrest are entitled by the Fourth Amendment to a prompt judicial determination of probable cause as a prerequisite to any extended restraint of their liberty. *County of Riverside v. McLaughlin*, 500 U.S. 44, 53 (1991) ("persons arrested without a warrant must promptly be brought before a neutral magistrate for a judicial determination of probable cause") (*citing Gerstein v. Pugh*, 420 U.S. 103, 114 (1975)).[2] It is equally settled that a violation of this Fourth Amendment right affords an arrestee with a cause of action under § 1983 not only for injunctive and declaratory relief, *McLaughlin*, 500 U.S. at 47; *Gerstein*, 420 U.S. at 107 & n. 5, but also for compensatory and punitive damages. *Lopez v. City of Chicago*, 464 F.3d 711, 722 (7th Cir. 2006) (arrestee entitled to compensatory damages for *McLaughlin* violation); *Hallstrom v. City of*

---

[2] *McLaughlin* held that "a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirements of *Gerstein*." 500 U.S. at 56. Where a probable cause determination does not occur within 48 hours of a warrantless arrest, "the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." *Id.* at 57.

3

*Garden City*, 991 F.2d 1473, 1480-83 (9th Cir. 1993) (arrestee injured by prolonged detention may be entitled to both compensatory and punitive damages); *Blumel v. Mylander*, 954 F. Supp. 1547, 1559 (M.D. Fla. 1997) (arrestee "can recover compensatory damages for a *Gerstein* violation just like any other civil rights violation") (citing *Rivas v. Freeman*, 940 F.2d 1491 (11th Cir. 1991)).[3]

Brown, however, never alleges that he was not afforded the *right* to a prompt probable cause hearing but asserts only that some member of the public defender's office that was representing him waived his right to a preliminary hearing without his consent. In other words, it is his attorney's own ineffectiveness that Brown challenges, not some flawed judicial process or practice (as was the case in *McLaughlin* and *Gerstein*) or some police officer's failure to bring him before a judge for a prompt determination of probable cause. But § 1983 does not afford Brown a

---

[3] Georgia law states that a warrantless arrestee who is not brought before an appropriate judicial officer within 48 hours "shall be released," O.C.G.A. §17-4-62, although that right is satisfied when a warrant is obtained within 48 hours of arrest even if the arrestee is not taken before the magistrate who issues the warrant. *Capestany v. State*, 289 Ga. App. 47, 48-49 (2007). Also, even where the statute is violated, the right to release expires once a warrant or indictment is obtained. *Id.* at 50-51. An arrestee who is denied a prompt probable cause determination suffers a personal injury and is entitled to civil damages. *Id.* at 52 n. 10.

remedy against his public defender on such a claim, for a defense attorney -- even one appointed by the state -- does not act under "color of state law" within the meaning of that statute. *Polk v. Dodson*, 454 U.S. 314, 317-19 (1981); *id.* at 325 ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Thus, Brown has no § 1983 claim against the "Office of the Public Defender" based on defense counsel's failure to secure his consent before waiving his right to probable cause hearing. Nor has he stated any conceivable claim against the district attorney or the state court in which he is being prosecuted, for his complaint nowhere links either the prosecutor or any state judge to the claimed error committed by his defense attorney, and those officials may not be held vicariously liable for the decisions made by defense counsel in any event. *Dodson*, 454 U.S. at 325. Also, while state prosecutors and judges (unlike public defenders) are state actors for purposes of § 1983, state judges exercising their judicial authority are absolutely immune from suit, *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005), and state prosecutors enjoy similar immunity for damages under § 1983 for giving legal advice to the police

or participating in a probable cause hearing. *Burns v. Reed*, 500 U.S. 478, 491-92 (1991).

At this stage the Court ordinarily considers whether to *sua sponte* grant plaintiffs like Brown a second chance to plead their case. *Langlois v. Traveler's Ins. Co.*, 401 F. App'x. 425, 426-427 (11th Cir. 2010). However, it is apparent that he was routinely assigned a public defender (Martin) then moved on to (retained counsel, perhaps) Apkolo, yet during that gap Martin did something that is routine -- waived a right to a probable cause hearing to spare the needless consumption of his and the public's resources. (If in fact there is plenty of probable cause, then in some instances there is nothing to be gained by demanding and receiving a probable cause hearing).[4]  Hence, Brown could not surmount the futility barrier if given a chance to re-plead his case to name Martin as a defendant.[5]

---

[4]  This is not uncommon. *See Martinez v. State*, 258 Ga. App. 102, 105 (2002) (attorney may make tactical decision to waive a preliminary hearing without providing ineffective assistance).

[5]  Again, a public defender is not a state actor and thus is not reachable under § 1983 for deficient representation of a criminal defendant.

Accordingly, Antonio Tavaris Brown's case should be **DISMISSED**. In the meantime, the state court docket reveals two different men named Antonio T. Brown currently under prosecution. The Court therefore has amended the caption of this case to include the plaintiff's full middle name. The Clerk shall amend this Court's docket accordingly, and all subsequent filings shall conform.

Finally, it is time for Brown to pay his filing fee. Brown's furnished account information shows that he has had funds in his prison account during the past six months. Doc. 4 ($65.26 average monthly balance for the last six months). He therefore owes an initial partial filing fee of $13.05. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall deduct $13.05 from Brown's account and remit to the Clerk of Court (payable to the "Clerk of Court"). The custodian shall also set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian (G. Sheppard, doc. 4) immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED** this 9th day of February, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA



### CHATHAM COUNTY, GA
### Eastern Judicial Circuit of Georgia

Home | Magistrate Court | Probate Court | State Court | Superior Court | Juvenile Court | Court Forms | Court Fees

February 02, 2012        Location: Case Details            Input your search...

## Case Details

**State**
**VS.**
**BROWN, ANTONIO TAVARIS**

- Case Events
- Charges
- Parties
- Proceedings

### Case Information
| | |
|---|---|
| Court: | Superior |
| Case Number: | CR112750 |
| Case Type: | OBSTRUCTION-F |
| Judge: | PERRY BRANNEN, JR. |
| Assistant District Attorney: | STEPHEN BROWN |
| Date Filed: | 12/12/2011 |
| Status: | ACTIVE - |
| Next Event: | 2/21/2012 CALENDAR CALL |

### Defendant Information
| | |
|---|---|
| Name: | BROWN, ANTONIO TAVARIS |
| DIN: | X0122356 |
| Gender: | MALE |
| Race: | AFRICAN AMERICAN |
| Height: | 74 |
| Weight: | 180 |
| Eyes: | BROWN |
| Hair: | BLACK |

Chatham County Sheriff  X0122356

Click for large Picture

**Defendant History**

### Attorney Information
NATHAN AKPOLO
540 EAST OGLETHORPE ST
SAVANNAH, GA
31401

### Bondsman Information
N/A

### Case Events
| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 2/21/2012 | 10:00AM | CALENDAR CALL | PERRY BRANNEN, JR. | |

[Return to Top]

### Charges
| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 40-6-395 | FLEEING TO ELUDE POLICE OFFICER | 1 | FELONY | 9/14/2011 3:09:11 AM | |
| 40-6-20 | FAILURE TO OBEY TRAFFIC CONTROL DEVICES | 1 | MISDEMEANOR | 9/14/2011 3:10:12 AM | |
| 40-6-72 | FAILURE TO STOP AT STOP SIGN | 1 | MISDEMEANOR | 9/14/2011 3:11:18 AM | |
| 40-6-390 | RECKLESS DRIVING | 1 | MISDEMEANOR | 9/14/2011 3:11:47 AM | |
| 40-5-121 | DRIVING WITH SUSPENDED OR REVOKED LICENSE | 1 | MISDEMEANOR | 9/14/2011 3:12:19 AM | |
| 40-6-270 | LEAVING ACCIDENT, FAIL TO GIVE AID/INFO | 1 | MISDEMEANOR | 9/14/2011 3:12:48 AM | |

[Return to Top]

### Proceedings
| | | | | |
|---|---|---|---|---|
| 2/21/2012 | 10:00AM | CALENDAR CALL | PERRY BRANNEN, JR. | |
| 1/25/2012 | | CONSOLIDATED MOTIONS PACKAGE | | |
| 12/21/2011 | | PRO SE LETTER RECEIVED | | CC PD/ |
| 12/13/2011 8:56:55 AM | | SCREENING | | Initial Case Screening / Scanning |
| 12/12/2011 | | ACCUSATION FILED - ENTERED | | |

[Return to Top]